```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------
UNITED STATES OF AMERICA
                                          06 Cr. 862 (JGK)
          - against -                     10 Civ. 3684 (JGK)

JAE KANG,                                 MEMORANDUM OPINION
                                               AND ORDER
                    Defendant.
------------------------------------
```

**JOHN G. KOELTL, District Judge:**

Defendant Jae Kang moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. As discussed below, the motion is **denied**.

**I.**

On April 2, 2007, Kang pleaded guilty to conspiracy to distribute MDMA, or "Ecstasy," in violation of 21 U.S.C. § 846. On June 28, 2007, Kang was sentenced principally to 87 months' imprisonment. The judgment of conviction was signed and filed on July 2, 2007, and entered on July 5, 2007. The guilty plea was pursuant to a plea agreement and the sentence was within the Stipulated Sentencing Guidelines Range. Kang did not file an appeal. He filed the present motion by mailing it on April 20, 2010.

- 1 -

A motion under 28 U.S.C. § 2255 generally must be filed within one year of "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255(f)(1).  For purposes of a motion under section 2255, "an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires."  Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005).  At the time the defendant was sentenced, the time for filing a direct appeal was ten days from the entry of the judgment.  See Fed. R. App. P. 4(b) (2007).  Accordingly, the defendant's conviction became final on July 15, 2007, and his current motion was untimely after July 15, 2008, unless the limitation period began running on a later date, by virtue of 28 U.S.C. § 2255(f), or the limitation period was equitably tolled.

**II.**

Section 2255(f) provides three instances in which the limitation period begins running on a date after that on which the judgment of conviction becomes final: (1) where "the movant was prevented from making a motion" by "governmental action in violation of the Constitution or laws of the United States," 28 U.S.C. § 2255(f)(2); (2) where "the right asserted" in the motion "has been newly recognized by the Supreme Court and made

retroactively applicable on collateral review," 28 U.S.C. § 2255(f)(3); or (3) where the facts supporting the claims made in the motion could not have been discovered earlier through the exercise of due diligence, 28 U.S.C. § 2255(f)(4).  Kang does not point to any facts supporting his claims that were unknown at the time of sentencing, and therefore the third ground is inapplicable.

In order to determine whether the second provision applies, the Court must look to the nature of the defendant's claims.  In his motion to vacate, Kang argues that his sentence was erroneous because the Court failed to account for his "good works," for the hardship to his family that would arise as a result of a long sentence, and for alleged sentencing disparities.  None of these arguments is based on new case law from the Supreme Court that the Supreme Court had made retroactive.

Prior to the defendant's sentencing, the Supreme Court determined that the mandatory nature of the United States Sentencing Guidelines was inconsistent with the Sixth Amendment to the United States Constitution, and accordingly made the Guidelines advisory by excising the provision of 18 U.S.C. § 3553(b) that made them mandatory.  See U.S. v. Booker, 543 U.S. 220, 260 (2005).  The requirement that the Court consider the

defendant's history and characteristics and the need to avoid unwarranted sentencing disparities among defendants with similar records was already included in the statute that the Court was required to apply at the time of sentencing.  See 18 U.S.C. § 3553(a)(1) and (6).  All of this could have been raised in a timely appeal from the defendant's conviction and sentence.[1]

Finally, the defendant cannot claim that he was "prevented from making a motion" by "governmental action in violation of the Constitution or laws of the United States," 28 U.S.C. § 2255(f)(2).  Kang argues that he "had . . . no access to the Law Library Computer System until June of 2009."  However, while access to an adequate prison law library (or other adequate legal assistance) is a right protected by the Constitution, Bounds v. Smith, 430 U.S. 817, 828 (1977), that right does not entitle an inmate to choose the format in which otherwise adequate legal resources are made available.  See, e.g., Rosario v. United States, 09 Civ. 2578, 2010 WL 3291805, at *3 (S.D.N.Y. August 9, 2010) (restricted access to electronic legal resources

---

[1] The defendant pleaded guilty pursuant to a plea agreement that precluded an appeal of a sentence within the Stipulated Sentencing Guidelines Range of 87 to 108 months.  Thus, a direct appeal of the sentence of 87 months was foreclosed.  However, the defendant also agreed that he would not file a motion challenging such a sentence pursuant to 28 U.S.C. § 2255.  See Plea Agreement, at *3.  The current motion is thus also precluded.  However, because the Government does not raise the issue, the Court will not rely on that basis for denying the motion.

is not an "extraordinary circumstance" for purposes of section 2255).

Kang also argues that his lack of access to his sentencing transcript impeded his ability to prepare his motion. However, there is no unconditional constitutional right to transcripts for purposes of collateral appeals, and thus the government's denial of his requests for a transcript did not constitute an unlawful barrier to an attempt to earlier file his motion. See United States v. MacCollom, 426 U.S. 317, 323 (1976); Crossley v. United States, 538 F.2d 508, 509 (2d Cir. 1976) (per curiam). The defendant has failed to show how access to a transcript was necessary to raise the sentencing issue he now raises, and his lack of a transcript did not prevent him from filing the present motion.

Accordingly, Kang has not alleged "governmental action" that impeded his ability to file the present motion within the time limit imposed by section 2255.

**III.**

Kang has also failed to demonstrate circumstances that would justify equitably tolling the limitations period. See Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) ("[T]he one-

year period is a statute of limitations rather than a jurisdictional bar so that courts may equitably toll the period.").

To toll the period of limitations for equitable reasons, a defendant "must show that extraordinary circumstances prevented him from filing his petition on time."  Id.  That requires showing that there was a "causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of [the defendant's] filing." Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001). The defendant must act with reasonable diligence toward the filing of his motion throughout the period for which he seeks tolling, irrespective of whether he was represented by counsel. Smith, 208 F.3d at 17-18.

Beyond the potential bases for tolling discussed and rejected above, the defendant has not pointed to any circumstances that might justify equitable tolling of the limitations period.  Moreover, he has failed to establish that he exercised due diligence in pursuing his claims.  He has not presented any evidence that he attempted to begin research on his motion until at least June 2009, approximately eleven months after the expiration of the period of limitations.  He then took

another ten months to file the present motion.  That is not the exercise of due diligence.

### IV.

Moreover, there is not merit to the defendant's motion. The motion largely consists of an argument that the defendant's sentence should be retroactively adjusted downward based on hardships to the defendant's family that arose after sentencing, and good works he has undertaken while incarcerated.  In other words, the motion is premised almost entirely on circumstances arising after the defendant's sentencing – issues that are not properly addressed through a section 2255 motion.  See 28 U.S.C. § 2255(a) (sentence may be vacated, set aside, or corrected on the ground that it was error at the time imposed).

The motion refers to sentencing disparities, but nowhere identifies a similarly situated individual receiving a lower sentence.  Notably, Kang identifies no co-defendant whose sentence he alleges reflects a disparity from his own, given all of the circumstances of his involvement in the offense, and he fails to appreciate that his sentence included a sentencing enhancement for the possession of two dangerous weapons.  He also ignores that the Court imposed a sentence that the

defendant had agreed in his plea agreement was a reasonable sentence in light of all the factors set forth in 18 U.S.C. § 3553(a).  He has failed to explain how the sentence was either procedurally or substantively improper.  <u>See generally</u> <u>United States v. Cavera</u>, 550 F.3d 180, 189-90 (2d Cir. 2008) (en banc) (setting forth standards for reviewing claims of procedural and substantive unreasonableness).

The defendant understandably points to the hardships that have been imposed on family members as a result of his incarceration, and he argues that he has been rehabilitated.  As the Court has advised the defendant in responding to his correspondence, these are arguments that should be addressed to the Bureau of Prisons.  <u>See, e.g.</u>, 18 U.S.C. § 3622 (temporary release of a prisoner).  They are not arguments that the Court erred in imposing the defendant's sentence or that the Court should vacate it.

## CONCLUSION

For the reasons discussed above, the motion to vacate, set aside, or correct sentence is **denied.**  The Clerk is directed to close the motion, and to close the related civil case, 10 Civ. 3684.  The Court declines to issue a certificate of

appealability pursuant to 28 U.S.C. § 2253(c) because the petitioner has failed to make a substantial showing of the denial of a constitutional right.

**SO ORDERED.**

Dated: New York, New York
       December 21, 2010

John G. Koeltl
United States District Judge